RENEE CHAFFEE
8808 PINLEY SPRING ST
LAS VEGAS, NV 89113
rchaffee3@gmail.com
702-358-3460
PRO SE

RECEIVED
SERVED ON
OF RECORD

DEC 21 2022

CLERK ... COURT
DISTRICT OF ...
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

### DISTRICT OF

| | |
|---|---|
| RENEE CHAFFEE<br>　　　　Plaintiff,<br><br>CLARK COUNTY SCHOOL DISTRICT, a public entity<br>　　　　Defendant, | 2:22-cv-02114-CDS-DJA<br><br>CIVIL RIGHTS AND DISABILITY VIOLATION COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLATORY RELIEF |

### COMPLAINT

COME NOW, Plaintiff, RENEE CHAFFEE, who bring this action pro se, who hereby complains of Defendant and each of them and allege as follows:

### PARTIES

**A.　The Plaintiff:**

Plaintiff, RENEE CHAFFEE, Clark County School District Speech Language Pathologist at Rogers Elementary School 5535 S. Riley Street Las Vegas, NV 89148. Medicaid Compliance Mentor/Coach/Leadership role for fifteen Speech Language Pathologists.

**B.　Defendant:**

Defendant, CLARK COUNTY SCHOOL DISTRICT ("CCSD") is a public entity duly incorporated and operating under Nevada law as a public school district.

## NATURE OF ACTION AND JURSIDICTION

1. This is an action to halt and seek redress for the unlawful discrimination on the basis of a diagnosed disability that Clark County School District (CCSD) has compelled on the Plaintiff.

2. The Americans with disabilities Act expressly prohibits discrimination in employment on the basis of disability. See 29 U.S.C 791, 2 et seq.; 42 U.S.C. 12101, et Seq. Under the American with Disabilities Act that prohibits employers from denying qualified individuals' employment because they have disabilities. Despite these mandated protections the CCSD required the Plaintiff to wear only specifically "approved" facial coverings while allowing other employees to wear different or "unapproved" facial coverings during the COVID mandated Emergency Orders in Clark County Nevada.

3. In August of 2021 the State of Nevada in accordance with the Declaration of Emergency Directive 047 in the "*Updated Nevada Covid-19 Guidance: Delta Variant, Vaccinations and Masks,* under section for exemptions to masks it states, "*Pursuant to directives 045 and 047 the exemptions that were in place prior to the CDC's July 27 announcement remain in place*". The exemptions include "*People who have a medical condition, disability, or other health reason that prevents them from wearing a face covering*". CCSD arbitrarily, unilaterally, violated the State of Nevada emergency Directives and Guidance's for Americans with Disabilities Act.

4. This is a civil action under 42 U.S.C 1983 seeking damages and injunctive relief against Defendant for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the constitution and laws of the United States; retaliating against Plaintiff; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

5. This action arises under 42 U.S.C 1983 in relation to Defendants' deprivation of Plaintiffs' Constitutional rights to due Process and equal Protection, Privileges, and Immunities clauses, under the Fifth and Fourteenth Amendments to the United States' Constitution.

6. This action further arises under 42 U.S.C 1983 in relation to Defendants' violation of Plaintiffs Ninth Amendment Rights under the United States' Constitution.

7.      This action Further arises under the American with disabilities Act of 1990, Title 42, The Public Health and Welfare Chapter 126 - Equal Opportunity for Individuals with Disabilities that directly prohibits discrimination based on disability, in relation to Defendants' violation of Plaintiffs' protected rights by direct discrimination, indirect discrimination, harassment and victimization of the Plaintiff.

8.      This court subject matter jurisdiction over Plaintiffs' claim under 28 U.S.C. 1331, 28 U.S.C. 1343(a)(3), (4), 28 U.S.C. 1367, and 28 U.S.C. 2201.

9.      There exists an actual and justiciable controversy between Plaintiff and Defendant requiring resolution by this Court.

10.     Plaintiff has no adequate remedy at law.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 since events or omissions giving rise to the claim(s) occurred in Nevada.

12.     This civil action is brought by Plaintiff pursuant to federal statutory and common law.

13.     The U.S. District Court for District of Nevada is the appropriate venue for this action pursuant to 28 U.S.C. 1391 (b)(1) and (2) because it is the District in which Defendant either maintain offices or do substantial official government work in, exercise their authority in their official capacities, and will continue to enforce the Orders and Emergency directives; and it is the district in which substantially all of the events giving rise to the claims occurred.

14.     This case arose in Clark County, Nevada, and, pursuant to Rule 1-6 of the Local Rules of the District of Nevada, should be assigned to the Southern Division of the District of Nevada.

15.     This Court has authority to award the requested declaratory relief under U.S.C. 2201; the requested injunctive relief and damages under 28 U.S.C. 1343(a); and litigation fees and costs under 42 U.S.C. 1988. Therefore, Plaintiff seeks damage and declaratory and injunctive relief accordingly.

# INTRODUCTION

1. In the wake of the novel coronavirus (COVID-19), the State of Nevada Executive Administrators and their agencies instituted a series of State and county-wide orders and emergency directives in an effort to stem the spread of COVID-19.

2. This action challenges the Defendants Directives to curb Plaintiffs civil rights and liberties and blatant violations of the plaintiffs protected rights under the Americans with Disabilities act, issued in August of 2021 in accordance with the declaration of emergency directive 047 in the "*Updated Nevada Covid-19 Guidance: Delta Variant, Vaccinations and Masks*", under section for exemptions to masks it states, "*Pursuant to directives 045 and 047 the exemptions that were in place prior to the CDC's July 27 announcement remain in place*". The exemptions include "*People who have a medical condition, disability,. or other health reason that prevents them from wearing a face covering*". CCSD took draconian measures, overruling the State of Nevada emergency Directives, the Governors issued ADA guidance's and engaged in the intentional infliction of emotion distress, anxiety, individual retaliation, in equitable treatment amongst employees holding same position and position description/duties within the CCSD.

3. August 12, 2021, Plaintiff was notified by Joseph Legat (Diversity & Affirmative Action) department for CCSD that the Deputy superintendent has mandated that all staff must wear face masks inside school building/facilities unless medical condition prohibits. furthermore, Mr. Legat stated that the medical exemption provided by the Plaintiff was approved and that the Plaintiff "*does not need to wear a face mask while inside school buildings/facilities*". See exhibit 1.

4. On August 12, 2021, Plaintiff provided CCSD with her Medical exemption from Yu & I Wellness Center. See Exhibit 2.

5.      On August 25, 2021, Plaintiff received an email from Flor Mowery (CCSD Speech Department) expressing her support for her Plaintiffs exemption from wearing a mask due to her medical condition. See Exhibit 3.

6.      On August 27, 2021, Plaintiff received an email from Mr. Legat stating that she had to wear a "less restrictive" alternative mask if she had a medical condition and offered her, referring to an update from the Academic Unit, student Services Division/Health Services. See Exhibit 4.

7.      On August 30 Joseph Legat stated that he would be happy to review any face shield model suggestion Plaintiff may have which Plaintiff responded to and demonstrated the chin shield that she had been wearing the entire time and that other Speech Language Pathologists are wearing throughout CCSD. See Exhibit 5.

8.      On September 7, 2021, Plaintiff requested again to Joseph Legat a less restrictive face covering alternative that she had already been wearing and inquired as to how CCSD was going to accommodate her disability pursuant to American Disabilities Act and State of Nevada Emergency Directives that waive the use of masks for those with medical disabilities. See Exhibit 6.

9.      On September 3, 2021, Plaintiff received an email from Flor Mowery (Speech Department) stating that Plaintiff was seen wearing a "less restrictive" alternative mask and that if Plaintiff does not use one of the other proposed masks that Mr. Legat had offered, that Plaintiff will begin to lose pay starting September 8, 2021. See Exhibit 7.

10.     On September 8, 2021, Plaintiff was advised by Linda Jones (CCEA union) to ensure that she gets documentation for Family Medical Leave Act in place. See Exhibit 8.

11.     On September 8, 2021, Plaintiff received and email from Cedric Cole giving her until 3pm on September 8, 2021, to decide whether she was going to wear the design of face covering that only they (CCSD) approved or next steps will be going to Human Resources, directly violating the State of Nevada Emergency Order(s), and unilaterally overruling the State of Nevada ADA Mask Guidance issued in August of 2021. See Exhibit 9.

12. On September 8, 2021, Cedric Cole made an interoffice email stating that CCSD needs to use a "*stronger hammer*" from Human resources, suggesting that regardless of the State of Nevada ADA Mask Guidance on exemptions as well as the State of Nevada Emergency Directives regarding medical exemptions for masks, they were irrelevant to CCSD and that CCSD needed to "*use a stronger hammer*" against the Plaintiff for trying to exercise her documented protected rights. See Exhibit 10.

13. Plaintiff filed an internal complaint within CCSD, filed a complaint with the Nevada Department of Employment Training and Rehabilitation, and filed a complaint with the Equal Employment Opportunity Commission and received a Letter of right to sue. See Exhibit11.

14. Lastly, exhibit 12 five Credible Witness Affidavits signed under penalty of perjury that they themselves were authorized to wear the chin shield the Plaintiff fought so hard to receive approval for (although according to ADA and Nevada Directives she was not required to wear a mask at all) as well as testimony that many other CCSD employees were authorized throughout CCSD to utilize without recourse and without the discriminatory harassment, loss of sick leave, loss of medical coverage, loss of wages and were not forced to endure blatant personal attacks and discrimination the Plaintiff was individually forced to endure.

## GENERAL ALLEGATIONS

1. Plaintiff provided documentation demonstrating a qualifying covered disability that exempted her from the use of a mask at all while indoors working at Clark County School District.

2. Plaintiff had made the Respondent aware that she is a person with a disability and requested accommodation under the State of Nevada Emergency Directives and American with Disabilities Act so to be able to perform her essential job functions.

3. The letter of denial states that Plaintiff did not articulate verbally or in writing that she would wear a chin shield, this is factually wrong, Plaintiff specifically asked in writing for permission to utilize a chin shield that other speech pathologists and other CCSD employees at other CCSD locations were authorized without recourse to utilize and was denied.

4. Clark County School District allowed other employees in equitable similar positions as speech pathologists and teachers, most who did NOT have a medical waiver to use the chin shield that Plaintiff was requesting accommodation for without repercussions.

5. CCSD offered Plaintiff approximately three (3) days to consult with her doctor regarding the alternative face coverings that they had approved (NOT CHIN SHEILD) to where her doctor reviewed the offered alternative masks and advised CCSD that due to her documented medical disability these masks were too restrictive and advised CCSD that the chin shield should be authorized, which CCSD refused to accommodate while simultaneously allowing other CCSD employees to utilize.

6. CCSD arbitrarily, unilaterally ignored and blatantly, without authority, overruled the August 2021 *"Updated Nevada Covid-19 Guidance: Delta Variant, Vaccinations and Masks"*. The exemptions include "People who have a medical condition, disability, or other health reason that prevents them from wearing a face covering" specifically established to guide and protect those with disabilities the exemption of wearing masks.

7. CCSD failed to comply with the August of 2021 State of Nevada Updated Nevada Covid19 Guidance Delta Variant, Vaccinations and Masks; State of Nevada Declaration of Emergency Directives 045 and 047, Nevada Health Response, Nevada Advisory Team Guidance on Directive 024 Face Coverings June 24, 2020 and the CDC Guidance for Wearing Masks April 19, 2021.

8. Plaintiff has been forced to endure tangible financial losses to include but not limited to being forced to utilize all accrued sick days in the amount of eighty-four (84) days. Plaintiff then lost total income from February 1, 2022, through August 31, 2022. Plaintiff was left without medical insurance coverage over one hundred and sixty (160) days and loss of retirement contributions during this period.

9. Not only was the Plaintiff forced into tangible financial losses, but was as well forced to endure documented anxiety, stress, insomnia, panic attacks, multiple therapeutic psychological visits, and loss of quality of life directly caused by Clark County School Districts blatant violation of ADA, Nevada Emergency Directives and Nevada exemption guidance's with unilateral draconian policies that were enforced on the Plaintiff directly but not forced upon other employees in similar positions. The Plaintiff also was forced to endure intimidation, harassment I.e. (bigger hammer), humiliation and loss of respect by her peers.

## FIRST CLAIM FOR RELIEF
## REIMBURSEMENT OF ALL LOST SICK DAYS

The Plaintiff is seeking reimbursement of all lost sick days she was wrongfully forced to utilize prior to her forcefully having to take a Leave of Absence.

## SECOND CLAIM FOR RELIEF
## REIMBURSEMENT OF ALL LOST RETIREMENT CONTRIBUTIONS

The Plaintiff is seeking reimbursement for retirement contributions she would have received if she was not wrongfully forced out of employment.

## THIRD CLAIM FOR RELIEF
## REIMBURSEMENT OF ALL LOSS OF MEDICAL COVERAGE

The Plaintiff is seeking reimbursement for medical insurance contributions she lost while she was wrongfully forced to take a Leave of Absence.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Plaintiff is seeking compensation in the amount of three hundred thousand ($300,000.00) dollars for all the negative effects she was forced to endure due to Clark County School District arbitrarily dismissing the State of Nevada and ADA Directives and Guidance's as well as for Clark County School District placing policy and rules on her personally, individually and not enforcing the same policies and rules on other Clark County School District employees in similar positions.

# FIFTH CLAIM FOR RELIEF
## DECLATORY AND INJUNCTIVE RELIEF AND LITIGATION FEES

The Plaintiff furthermore seeks declaratory relief under U.S.C. 2201; the requested injunctive relief and damages under 28 U.S.C. 1343(a); and litigation fees and costs under 42 U.S.C 1988.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs request that this Court:

(1) Reimbursement of all lost sick days incurred

(2) Reimbursement of all lost retirement contributions

(3) Reimbursement of all loss of medical coverages

(4) Compensation for intentional infliction of emotional distress

(5) Reimbursement of all litigation fees and costs under 42 U.S.C 1988

(6) Declaratory relief under U.S.C. 2201 by issuing a declaratory judgment with the following: Declaration that Defendant policy practice orders do not negate overrule or supersede from Nevada State Orders, Directives and Guidances in regards to the exemption for mask use in public spaces for those with documented disability exemptions

---

August of 2021 State of Nevada  Updated Nevada Covid 19 Guidance  Delta Variant, Vaccinations and Masks;
State of Nevada Declaration of Emergency Directives 045 and 047
Nevada Health Response (Nevada Advisory Team  Guidance on Directive 024  Face Coverings June 24, 2020
CDC Guidance for Wearing Masks April 19, 2021

## AFFIRMATION

The undersigned does hereby affirm that this document does not contain the social security number of any person.

DATED this **21** day of December 2022

**RENEE CHAFFEE Pro Se**

*/s/ Renee Chaffee*

RENEE CHAFFEE
8808 PINLEY SPRING ST
LAS VEGAS, NV 89113
rchaffee3@gmail.com
702-358-3460
PRO SE